**FIELDS HOWELL LLP**
301 S. State Street, Suite N200
Newtown, Pennsylvania 18940
By: Christopher S. Myles, Esq. (108762015)
Email: cmyles@fieldshowell.com
Telephone: (267) 214-7737
Fax: (404) 214-1251
*Attorneys for Defendants, Certain Underwriters at Lloyd's, London Subscribing to Policies B1263EW0025419 and B1263EW0080819, and Defendant, Certain Insurers Subscribing to Policy PD-103750-05, improperly named as Brit Global Specialty USA*

**UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ICONA OPPORTUNITY PARTNERS 1, LLC, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICIES B1263EW0025419, B1263EW0080819, and VPC-CN-0001842-01, WESTCHESTER SURPLUS LINES INSURANCE COMPANY, HDI GLOBAL INSURANCE COMPANY, INDEPENDENT SPECIALITY INSURANCE COMPANY, INTERSTATE FIRE & CASUALTY COMPANY, ALLIED WORLD ASSURANCE CO., COLONY INSURANCE COMPANY, BRIT GLOBAL SPECIALTY USA, LANDMARK AMERICAN INSURANCE COMPANY, and ARCH SPECIALTY INSURANCE,<br><br>Defendants. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL**<br><br>Document Electronically Filed |

TO: THE HONORABLE JUDGES OF THE
UNITED STATES DISTRICT COURT
FOR THE DISTRTICT OF NEW JERSEY

**PLEASE TAKE NOTICE** that Defendants, Certain Underwriters at Lloyd's, London Subscribing to Policies B1263EW0025419 and B1263EW0080819 (collectively, "Underwriters"), and Certain Insurers Subscribing to Policy PD-103750-05, improperly named as Brit Global Specialty USA[1] (collectively, "Certain Insurers"), by and through their counsel, Fields Howell, LLP, respectfully request that this action, captioned as *Icona Opportunities Partners 1, LLC, individually and on behalf of all others similarly situated v. Certain Underwriters at Lloyd's, London Subscribing to Policies B1263EW0025419, B1263EW0080819, and VPC-CN-0001842-01, et al.,* Docket No. CPM-L-000078-22 (the "State Court Action"), be removed from the Superior Court of New Jersey, Law Division, Cape May County, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 based on this Court's diversity jurisdiction under the Class Action Fairness Act of 2005, Pub. L. No. 109-2 (codified in pertinent part at 28 U.S.C. §§ 1332(d), 1446 and 1453) ("CAFA"). In support of this Notice of Removal, Defendants assert as follows:

---

[1] Brit Global Specialty USA notes that it is an improper party to this action. Brit Global Specialty USA is not a subscriber to Policy PD-103750-05 at issue in this litigation. Brit Global Specialty USA specifically reserves all rights and does not waive any arguments with respect to this issue.

2

I.      STATEMENT PURUSANT TO LOCAL CIVIL RULE 10.1(a)

1.      Pursuant to Local Civil Rule 10.1(a), the addresses of the named parties are as follows:

a.      Upon information and belief, as alleged in the Complaint, the named Plaintiff, Icona Opportunities Partners 1, LLC ("Icona"), is a Delaware limited liability company with an address of 2501 Seaport Drive, Suite 400, Chester, Pennsylvania.  Plaintiff has alleged that it maintains its principal place of business in Cape May, New Jersey. (Ex. A[2], Compl., ¶13).  Plaintiff is represented by James E. Cecchi, Esq., Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., 5 Becker Farm Road, Roseland, NJ 07068.

b.      Underwriters are entities operating in an insurance market in London, England.  For purposes of diversity, Underwriters are citizens of England. Underwriters are represented by Fields Howell, LLP, 301 South State Street, Suite N200, Newtown, Pennsylvania 18940.

c.      Upon information and belief, Defendants Certain Underwriters at Lloyd's, London Subscribing to Policy No. VPC-CN-0001842-01 are entities

---

[2]Due to the length of the Complaint, additional Process, Pleadings and Orders from the State Court Action are attached in a separate exhibit, attached hereto at Exhibit B.  The Acknowledgments of Service filed on behalf of Defendants Underwriters and Certain Insurers are also separately attached at Exhibits D and E, respectively.

3

operating in an insurance market in London, England.  For purposes of diversity, Underwriters are citizens of England.  (*Id.*, Compl., ¶14).

        d.      Upon information and belief, Defendant Westchester Surplus Lines Insurance Company is a corporation organized under the laws of, and existing in, the State of Georgia, with its principal place of business located at 500 Colonial Center Parkway, Suite 200, Roswell, Georgia 30076.  (*Id.*, Compl., ¶15).

        e.      Upon information and belief, Defendant HDI Global Insurance Company is a corporation organized under the laws of, and existing in, the State of Illinois, with a principal place of business located at 161 North Clark Street, 48th Floor, Chicago, Illinois 60601.  (*Id.,* Compl., ¶16).

        f.      Upon information and belief, Defendant Independent Specialty Insurance Company is a corporation organized under the laws of, and existing in, the State of Delaware, with a principal place of business located at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.  (*Id.*, Compl., ¶17).

        g.      Upon information and belief, Defendant Interstate Fire & Casualty Company is a corporation organized under the laws of, and existing in, the State of Illinois, with a principal place of business located at 33 West Monroe Street, Chicago, Illinois 60603.  (*Id.*, Compl., ¶18).

        h.      Upon information and belief, Defendant Allied World Assurance Company is a corporation organized under the laws of, and existing in, the

Commonwealth of Delaware, with a principal place of business located at 199 Water Street, New York, New York 10038.  (*Id.*, Compl., ¶19).

    i. Upon information and belief, Defendant Colony Insurance Company is a corporation organized under the laws of, and existing in, the Commonwealth of Virginia, with a principal place of business at 8720 Stony Point Parkway Suite 400, Richmond, Virginia 23235.  (*Id.*, Compl., ¶20).

    j. Defendants Certain Insurers are entities operating in an insurance market in London, England.  For purposes of diversity, Certain Insurers are citizens of England.  Certain Insurers are represented by Fields Howell, LLP, 301 South State Street, Suite N200, Newtown, Pennsylvania 18940.

    k. Upon information and belief, Defendant Landmark American Insurance Company is a corporation organized under the laws of, and existing in, the State of Oklahoma, with a principal place of business located at 945 E Paces Ferry Road NE, Suite 1800, Atlanta, Georgia 30326.  (*Id.*, Compl., ¶22).

    l. Upon information and belief, Defendant Arch Specialty Insurance is a corporation organized under the laws of, and existing in, the State of Missouri, with a principal place of business at Harborside 3, 210 Hudson Street, Suite 300, Jersey City, New Jersey 07311.  (*Id.*, Compl., ¶23).

## II.     FACTUAL BACKGROUND

2.     Plaintiff brings this putative class action seeking insurance coverage for, among other things, alleged business interruption related to the COVID-19 pandemic under an alleged "program of commercial property insurance" that Plaintiff alleges was "collectively issued by the Defendants" and purchased by Hospitality Risk Management Association ("HRMA"). (*Id.*, Compl., ¶2).

3.     According to the Complaint, HRMA is an association of affiliated hospitality companies or corporations. (*Id.*, Compl., ¶1).

4.     Plaintiff alleges that Underwriters subscribed to Insurance Policy No. B1263W0025419, which provided certain coverage to HRMA for the period of June 30, 2019 to June 30, 2020 (the "Policy"). (*Id.*, Compl., ¶¶ 2, 14, 37).

5.     According to the Complaint, the Policy defines insured as: "Hospitality Risk Management Association and all owned, controlled, subsidiary, affiliated and associated companies or corporations as now or may hereafter be constituted." (*Id.*, Compl., ¶39).

6.     Plaintiff alleges that Icona is a member of HRMA (*Id.*, Compl., ¶1) and that the "Policy coverage extends to, among other things, HRMA's members, including Icona" (*Id.*, Compl., ¶40).

7.     Under the Policy, there are at least 108 Named Insureds. (Exhibit B, Declaration of Trevor Self ("Self Decl."), ¶¶ 6 to 8, and Exhibit 1).

6

8. The Policy provided coverage for approximately 242 different "locations" across 22 different states, including: Arkansas, Arizona, California, Colorado, Florida, Georgia, Indiana, Kansas, Louisiana, Mississippi, North Carolina, New Hampshire, New Jersey, New York, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, Vermont and Washington. (*Id.*, Self Decl. at ¶¶ 9 to 10).

## III. THIS COURT HAS JURISDICTION OVER THIS PUTATIVE CLASS ACTION UNDER THE CLASS ACTION FAIRNESS ACT

9. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005, P.L. No. 109-2, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453(b), because: (1) the putative class consists of at least 100 proposed class members; (2) the citizenship of at least one of the proposed class members is diverse from that of at least one defendant; and (3) the amount in controversy, after aggregating the sum or value of each proposed class member's claim, exceeds $5 million, exclusive of interest and costs.

### A. The Putative Class Consists of At Least 100 Proposed Class Members

10. Under 28 U.S.C. § 1332(d)(1)(D), the proposed class members are the persons or entities (named or unnamed) who fall within the definition of the proposed class pled in the Complaint.

11. According to the Complaint, "Plaintiff seeks to represent a nationwide class." (Ex. A, Compl. ¶131).

7

12. At Paragraph 131 of the Complaint, Plaintiff defines the proposed class as:

> All named insureds to the Policy, including Hospitality Risk Management Association and all owned, controlled, subsidiary, affiliated, and associated companies or corporations

(Ex. A, Compl., ¶131).

13. There are 108 named insureds to the Policy. (Ex. C, Self Decl. at ¶7).

14. Because the putative class consists of at least 100 proposed class members, the requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

### B. Minimal Diversity Exists between the Proposed Class and Defendants

15. Under 28 U.S.C. §1332(d)(2)(C), minimal diversity exits when "any member of the class of plaintiffs is a citizen of a State and any defendant is a . . . citizen or subject of a foreign state."

16. Here, the named Plaintiff is a citizen of a State, namely, Delaware and/or New Jersey.

17. Conversely, Underwriters is a citizen of a foreign state. More specifically, Syndicate 2623 at Lloyd's, London, which is one of the Syndicates that comprises Underwriters, consists of only one member: Beazley Underwriting Ltd. ("Beazley"). Beazley is a company organized under the laws of England with its principal place of business located in London, England. (Ex. C, Self Decl. at ¶ 4). Thus, for purposes of CAFA, Underwriters is a citizen of a foreign state.

18. Since the Complaint alleges that Plaintiff is a citizen of a state and at least one Defendant is a citizen of a foreign state, the citizenship of the parties meets the minimal diversity requirements of 28 U.S.C. §1332(d)(2)(C).

### C. The Amount in Controversy Exceeds $5 million

19. Plaintiff alleges that the "Policy affords Icona with $350 million in total insurance coverage for, among other things, business interruption and extra expense losses . . . ." (Ex. A, Compl., ¶38)

20. Moreover, Icona has alleged that it has suffered losses of approximately $11,010,000 due to COVID-related business interruption. (*Id.*, Compl. at Ex. C, 8/27/2020 Letter at p. 2).

21. Plaintiff alleges that its claims are typical of the claims of the proposed Class. (*Id.*, Compl., ¶138).

22. Thus, the amount in controversy exceeds $5 million dollars, exclusive of interest and costs.

### D. The Putative Class Action and Proposed Class is Multi-State in Nature

23. Based on the allegations set forth in the Complaint, the claims of the putative class involve matters of national or interstate interest. Stated otherwise, this dispute is not uniquely local.

24. The claims involve alleged business interruption related to the COVID-19 pandemic for businesses located across the United States and thus, of national interest.

25. Moreover, the majority of insured locations are located outside of New Jersey. (Ex. C, Self Decl. at ¶10).

26. During the Policy Period, the Policy provided coverage for approximately 242 different "locations" across 22 different states, including: Arkansas, Arizona, California, Colorado, Florida, Georgia, Indiana, Kansas, Louisiana, Mississippi, North Carolina, New Hampshire, New Jersey, New York, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, Vermont and Washington. (*Id.*, Self Decl. at ¶¶ 9-10).

27. Of the 242 locations that were covered by the Policy during the Policy Period:

    a.    53 locations in Florida were covered by the Policy;

    b.    39 locations in Georgia were covered by the Policy;

    c.    29 locations in Texas were covered by the Policy;

    d.    22 locations in South Carolina were covered by the Policy

    e.    20 locations in Louisiana were covered by the Policy; and

    f.    18 locations in New Jersey were covered by the Policy.

(*Id.,* Self Decl. at ¶10).

## IV. THE NOTICE OF REMOVAL WAS TIMELY FILED

28. On March 10, 2022, Plaintiff electronically filed the State Court Action.

29. On March 16, 2022, Plaintiff served Defendant Arch Specialty Insurance with a copy of the Summons and Complaint in New Jersey.[3]

30. On May 20, 2022, counsel for Underwriters acknowledged service of the Complaint, Case Information Statement, Track Assignment Notice and Summons on behalf of Underwriters. (Ex. D, Acknowledgment of Service for Underwriters, dated May 20, 2022).

31. On May 20, 2022, counsel for Certain Insurers acknowledged service of the Complaint, Case Information Statement, Track Assignment Notice and Summons on behalf of Certain Insurers. (Ex. E, Acknowledgment of Service for Certain Insurers, dated May 20, 2022).

32. Underwriters and Certain Insurers timely filed this Notice of Removal within thirty (30) days of their acknowledgments of service. *See* 28 U.S.C. §§ 1446(b)(2)(B)[4] and 1453.

---

[3] The forum-defendant rule is inapplicable with respect to actions removed pursuant to CAFA, like this one. *See* 28 U.S.C. § 1453(b) (class actions are removable "without regard to whether any defendant is a citizen of the State in which the action is brought"); *see also, Equity Plan. Corp. v. Westfield Ins. Co.*, No. 1:20-CV-01204, 2020 WL 5909806, at *8 (N.D. Ohio Oct. 6, 2020).

[4] The Third Circuit has adopted the "later-served" rule, which permits each defendant, upon formal service, thirty (30) days to file a notice of removal. *Delalla v. Hanover Ins.*, 6060 F.3d 180, 182 (3d Cir. 2011) ("[T]he later-served rule represents the most faithful and equitable reading of the removal statute.").

## V.  VENUE IS APPROPRIATE

33.  The State Court Action is currently pending in the Superior Court of New Jersey, Law Division, Cape May County, which is located within the United States District Court for the District of New Jersey, Camden Division. Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## VI.  DEFENDANTS PROVIDED APPROPRIATE NOTICE

34.  Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being filed via e-courts with the Clerk of the Superior Court of New Jersey, Law Division, Cape May County, in the State Action, and is being served upon counsel of record for Plaintiff.

35.  By filing this Notice of Removal, Defendants do not waive any defects in service of process, venue, or personal jurisdiction, nor do they waive any other defenses available to them under applicable state law and/or the Federal Rules of Civil Procedure.

36.  This Notice of Removal shall not be construed as an admission, agreement, or concession by Defendants that class certification is appropriate and/or proper in this matter, nor do Defendants waive any defenses or rights to challenge the propriety of the proposed class, class allegations pled in the Complaint, and/or class certification by filing this Notice of Removal.

**WHEREFORE**, for the foregoing reasons, Defendants respectfully give notice that the State Court Action pending in the Superior Court of New Jersey, Law Division, Cape May County, is removed to this Court.

Respectfully submitted**,**

s/Christopher S. Myles
Christopher S. Myles, Esq. (108762015)
**FIELDS HOWELL, LLP**
301 S. State Street, Suite N200
Newtown, PA 18940
Tele:  267-214-7737
Fax: 404-214-1251
Email: cmyles@fieldshowell.com

*Attorneys for Defendants, Certain Underwriters at Lloyd's, London Subscribing to Policies B1263EW0025419 and B1263EW0080819, and Defendant, Certain Insurers Subscribing to Policy PD-103750-05, improperly named as Brit Global Specialty USA*

## **CERTIFICATION**

Pursuant to L. Civ. R. 11.2, the undersigned hereby certifies that the matters raised herein are not the subject of any other pending lawsuit, arbitration, or administrative proceeding except the State Court Action which is being removed.

        s/Christopher S. Myles
        Christopher S. Myles, Esq. (108762015)
        **FIELDS HOWELL, LLP**
        301 S. State Street, Suite N200
        Newtown, PA 18940
        Tele: 267-214-7737
        Fax: 404-214-1251
        Email: cmyles@fieldshowell.com

        *Attorneys for Defendants, Certain Underwriters at Lloyd's, London Subscribing to Policies B1263EW0025419 and B1263EW0080819, and Defendant, Certain Insurers Subscribing to Policy PD-103750-05, improperly named as Brit Global Specialty USA*