[ECF No. 58]

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| ICONA OPPORTUNITY PARTNERS 1, LLC, individually and on behalf of all others similarly situated,<br><br>     **Plaintiff,**<br><br>  v.<br><br>**CERTAIN UNDERWRITERS AT LLOYDS, LONDON SUBSCRIBING TO POLICY VPC-CN-0001842-01, et al.,**<br><br>     **Defendants.** | Case No. 22-4140 (KMW)(EAP) |

## OPINION

This matter comes before the Court by way of Plaintiff's Motion, ECF No. 58, seeking a stay of proceedings in this case pending a decision of the New Jersey Supreme Court in two separate state cases with similar issues. The Court has received Defendants' opposition briefs, ECF Nos. 60 and 61; Plaintiff's reply brief, ECF No. 62; and Defendants' notice of supplemental authorities, ECF No. 63. The Court has considered the parties' submissions and decides this matter on the briefs pursuant to Federal Rule of Civil Procedure 78(b). For the reasons that follow, and for good cause shown, Plaintiff's Motion is **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This case involves insurance coverage issues arising out of the COVID-19 pandemic. Plaintiff's Memorandum in Support of its Motion to Stay ("Pl.'s Br."), ECF No. 58-1 at 1. Plaintiff, which owns or operates three hotels in New Jersey, is a member of the Hospitality Risk

Management Association ("HRMA"), an organization of hospitality companies. Complaint ("Compl."), ECF No. 1-1, ¶¶ 1-2. Plaintiff initiated this putative class action by filing a Complaint on March 10, 2022, in the New Jersey Superior Court, Law Division, Cape May County. *Id*. Plaintiff claims that HRMA purchased a commercial property insurance coverage policy (the "Policy"), collectively issued by Defendants, that covers "direct physical loss or damage" to the insureds' businesses. *Id*. ¶¶ 2, 46-56. Plaintiff alleges that it is entitled to indemnification under the Policy for losses and expenses that Plaintiff incurred from the suspension of normal business operations during the COVID-19 pandemic. *Id*. ¶¶ 121-26. Defendants allegedly refused to cover Plaintiff's business income and extra expense losses in violation of Plaintiff's contractual rights under the Policy. *Id*. ¶¶ 127-28. Also, Plaintiff seeks to represent a nationwide class consisting of all named insureds under the Policy, including HRMA and all owned, controlled, subsidiary, affiliated, and associated member companies or corporations. *Id*. ¶¶ 129-31.

On June 17, 2022, Defendants removed the case to the District of New Jersey, invoking the Court's subject matter jurisdiction under the Class Action Fairness Act of 2005. ECF No. 1, ¶ 9; *see* 28 U.S.C. §§ 1332(d), 1453(b). In response, two groups of Defendants filed separate but related motions to dismiss, arguing that Plaintiff failed to state a claim because it had not alleged any "direct physical loss or damage" covered by the Policy. ECF No. 17-1 at 19; ECF No. 19-1 at 15.[1] However, the Underwriters Defendants argue that a choice of law provision in the Policy

---

[1] The first motion to dismiss, ECF No. 17, was filed by Defendants Certain Underwriters at Lloyd's, London Subscribing to Policies B1263EW0025419, B1263EW0080819, and Certain Insurers Subscribing to Policy PD-103750-05 (hereinafter, collectively referred to as "Underwriters Defendants"). The second motion to dismiss, ECF No. 19, was filed by Defendants Westchester Surplus Lines Insurance Company, HDI Global Insurance Company, Independent Specialty Insurance Company, Interstate Fire & Casualty Company, Certain Underwriters at Lloyd's, London Subscribing to Policy No. VPC-CN-0001842-01, Allied World Assurance Company, (U.S.) Inc., Colony Insurance Company, Landmark Insurance Company, and Arch Specialty Insurance Company (hereinafter, collectively referred to as "Insurer Defendants").

provides for the application of Texas law, ECF No. 17-1 at 14, while the Insurer Defendants argue that another provision requires application of New Jersey law. ECF No. 19-1 at 13. Plaintiff filed a brief in opposition to Defendants' motions to dismiss. ECF No. 36. The Underwriters and Insurer Defendants filed their separate reply briefs, again diverging on whether New Jersey or Texas law applies in this case.[2] ECF Nos. 49, 50.

Meanwhile, on June 20, 2022 and June 23, 2022, the New Jersey Superior Court, Appellate Division affirmed the dismissal of two separate cases in which insured plaintiffs had sought to recover against property and business interruption insurers for business income losses resulting from closures and restrictions during the COVID-19 pandemic. *Mac Prop. Grp. LLC & The Cake Boutique LLC v. Selective Fire & Cas. Ins. Co.*, 473 N.J. Super. 1 (App. Div. 2022); *AC Ocean Walk, LLC v. Am. Guarantee & Liab. Ins. Co.*, No. A-1824-21, 2022 WL 2254864 (N.J. Super. Ct. App. Div. June 23, 2022). The Appellate Division concluded that the suspension of the plaintiffs' businesses due to government shutdown orders was not "direct physical loss or damage" to the plaintiffs' premises under New Jersey law. *Mac Prop. Grp. LLC*, 473 N.J. Super. at 22-24; *AC Ocean Walk, LLC*, 2022 WL 2254864, at *13. The plaintiffs in both cases filed petitions with the New Jersey Supreme Court to certify their cases for review. Pl.'s Letter, ECF No. 59.

On September 30, 2022, Plaintiff filed a Motion seeking to stay this case pending final disposition of the *Mac Property Group* and *AC Ocean Walk* cases before the New Jersey Supreme Court. Pl.'s Br., ECF No. 58-1 at 1.[3] In its Motion, Plaintiff argues that a stay of proceedings in

---

[2] Because the choice of law argument has been fully briefed in the Underwriters Defendants' briefing before District Judge Karen M. Williams, *see* ECF No. 17-1 at 14, the Court will not decide that issue in this Opinion. Thus, for purposes of the Court's analysis here, the Court assumes that New Jersey law may apply in this case.

[3] Plaintiff's Motion contains multiple factual inaccuracies about the procedural posture of the *Mac Property Group* and *AC Ocean Walk* cases. Plaintiff stated that the New Jersey Supreme Court had granted the petitions for certification, consolidated the two appeals, and held *en banc* oral argument. Pl.'s Br., ECF No. 58-1 at 1. However, at the time, the New Jersey Supreme Court

this case until a decision by the New Jersey Supreme Court on COVID-19 business interruption insurance coverage issues would promote judicial economy by allowing the Court to apply a uniform and definitive rule of state law. *Id*. at 4. Plaintiff further argues that a stay of proceedings is in the interest of federalism because it could potentially allow the Court to avoid making an inconsistent "prediction" of how the New Jersey Supreme Court would decide the issues. *Id*. at 3-4. In addition, Plaintiff argues that it could be prejudiced by a denial of a stay, while a stay would not prejudice Defendants. *Id*. at 5-6.

On October 14, 2022, the Insurer Defendants filed a joint opposition brief, arguing that a stay is not necessary to promote the interests of justice or judicial economy, and that a stay would result in unnecessary delay. Insurer Defendants' Joint Memorandum of Law in Opposition ("Insurer Defs.' Joint Opp."), ECF No. 60 at 5-10. The same day, the Underwriters Defendants filed an opposition brief incorporating the arguments of the Insurer Defendants, but further arguing that a stay would not simplify the issues and would prejudice the Underwriters Defendants because the Policy is governed by Texas law. Underwriters Defendants' Memorandum of Law in Opposition ("Underwriters Defs.' Opp."), ECF No. 61 at 4-9. Plaintiff filed a reply brief on October 21, 2022. Plaintiff's Reply Brief ("Pl.'s Reply"), ECF No. 62. All Defendants filed a joint notice of supplemental authorities on January 19, 2023, presenting new decisions from the United States Court of Appeals for the Third Circuit, the Western District of Pennsylvania, the Western District of Texas, and the Southern District of Texas, which all dismissed insured plaintiffs' claims in COVID-19 business interruption cases. Defendants' Notice of Supplemental Authorities ("Defs.' Supp. Auth."), ECF No. 63 at 2-4.

---

had not yet granted the petitions, consolidated the appeals, nor held oral argument. Plaintiff subsequently filed a letter dated October 5, 2022, to correct these misstatements and apologizing for the errors. Pl.'s Letter, ECF No. 59.

On November 7, 2022, the New Jersey Supreme Court denied the petition for certification in *Mac Property Group*. 252 N.J. 258 (2022). However, on January 27, 2023, the New Jersey Supreme Court granted the petition for certification in *AC Ocean Walk*. 252 N.J. 606 (2023).

## **STANDARD OF REVIEW**

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55. Motions to stay proceedings are committed to a district court's "sound discretion." *Bechtel Corp. v. Loc. 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976). The Court remains mindful that a stay of civil proceedings is an "extraordinary remedy," and the moving party bears the burden to show that the stay is warranted. *Konopca v. Comcast Corp.*, No. 15-6044, 2016 WL 1645157, at *3 (D.N.J. Apr. 26, 2016) (internal quotation omitted).

"[A] court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp.*, 544 F.2d at 1215. "[W]here a stay is sought pending resolution of purportedly related litigation, as here, courts consider whether resolution of the related litigation would substantially impact or otherwise render moot the present action." *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014); *see also MEI, Inc. v. JCM Am. Corp.*, No. 09-351, 2009 WL 3335866, at *4 (D.N.J. Oct. 15, 2009) ("A stay is particularly appropriate, and within the court's sound discretion, where the outcome of another case may substantially affect or be dispositive of the issues in a case pending before a district court." (internal quotations omitted)).

In determining whether to grant a stay, courts generally weigh several factors, including:

(1) whether a stay would simplify the issues and the trial of the case;
(2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;
(3) whether denial of the stay would create a clear case of hardship or inequity for the moving party; and
(4) whether discovery is complete or a trial date has been set.

*Akishev*, 23 F. Supp. 3d at 446.

## DISCUSSION

### I.  A Stay of Proceedings Would Simplify the Issues of the Case

Regarding the first *Akishev* factor, Plaintiff argues that a stay of proceedings until the final disposition of the *Mac Property Group* and *AC Ocean Walk* cases could simplify the issues because, if the New Jersey Supreme Court granted the certification petitions, it would provide a definitive interpretation of "physical loss or damage" in the context of COVID-19 business interruption coverage under New Jersey law. Pl.'s Br., ECF No. 58-1 at 3-4; Pl.'s Reply, ECF No. 62 at 4. Plaintiff argues that staying this action would prevent the "waste of judicial resources" that would result if the New Jersey Supreme Court later issued an inconsistent ruling on the same issues. Pl.'s Reply, ECF No. 62 at 4. Also, Plaintiff argues that a stay is particularly appropriate when a federal court would otherwise need to predict how a state supreme court would decide the issues, because potential inconsistent interpretations of state law raise federalism concerns, especially when the issues are important and likely to recur. Pl.'s Br., ECF No. 58-1 at 3.

In opposition, the Insurer Defendants argue that a decision of the New Jersey Supreme Court would not resolve or narrow the issues in the present case because lower New Jersey courts have already interpreted the meaning of "direct physical loss or damage to property" in *Mac Property Group* and *AC Ocean Walk*. Insurer Defs.' Joint Opp., ECF No. 60 at 6-7. These Defendants argue that COVID-19 business interruption insurance cases do not involve any

6

"difficult or novel questions of state law" that a Supreme Court ruling would clarify. *Id*. at 8. Also, the Underwriters Defendants argue that a stay is not justified because "courts throughout the country . . . have overwhelmingly resolved these issues" in favor of insurers. Underwriters Defs.' Opp., ECF No. 61 at 11-12. In addition, the Underwriters Defendants argue that a decision from the New Jersey Supreme Court may not necessarily resolve all the issues in this action, and they highlight differences between the present case and *Mac Property Group* and *AC Ocean Walk*. *Id*. at 8-9. Lastly, the Underwriters Defendants argue that any decision of the New Jersey Supreme Court would be irrelevant because choice of law provisions in the master Policy and two excess policies dictate that they are governed by Texas law. *Id*. at 2, 4-9.

As an initial matter, the parties do not dispute that this case is governed by state law, which is set by the relevant state's highest court. Pl.'s Br., ECF No. 58-1 at 3; Insurer Defs.' Joint Opp., ECF No. 60 at 8; Underwriters Defs.' Opp., ECF No. 61 at 6. Also, it is undisputed that the New Jersey Supreme Court has not yet ruled on whether business shutdowns during the COVID-19 pandemic qualify as "physical loss or damage." Pl.'s Br., ECF No. 58-1 at 3-4; Insurer Defs.' Joint Opp., ECF No. 60 at 7. Now that the New Jersey Supreme Court has granted the petition for certification in *AC Ocean Walk*, it is highly likely that the New Jersey Supreme Court will focus on the phrase "physical loss or damage," since it is central to the Appellate Division's reasoning in that case. 2022 WL 2254864, at *9. As a result, staying this action pending a decision by the New Jersey Supreme Court will likely simplify the issues and promote this Court's interest in judicial efficiency. To date, the Appellate Division has issued eleven decisions in COVID-19 business interruption cases,[4] and applying one statewide standard handed down by the New Jersey

---

[4] *See Covid Coverage Litigation Tracker*, UNIV. OF PA. CAREY L. SCH., https://cclt.law.upenn.edu/ (last visited Mar. 13, 2023) (surveying state court decisions on physical loss or damage in COVID-19 business interruption cases and showing that lower court decisions in New Jersey have split between policyholders and insurers).

Supreme Court would be more efficient for this Court than synthesizing rules from eleven different cases. Moreover, if the Court denies Plaintiff's Motion, and if the New Jersey Supreme Court later overrules *AC Ocean Walk* before the disposition of this case, the Court will need to expend time and resources to revisit its analysis. *See Sabert Corp. v. Waddington N. Am., Inc.*, No. 06-5423, 2007 WL 2705157, at *6 (D.N.J. Sept. 14, 2007) (noting that a stay of proceedings, "while adding time to the litigation, is a minimal expenditure of judicial economy for what might be an optimal efficiency gain").

Although *AC Ocean Walk* is not identical to this action, the cases are highly similar because they turn on the meaning of "physical loss or damage." Therefore, any differences to the present action do not justify denying a motion to stay. For instance, in its opposition to Defendants' motions to dismiss, Plaintiff previously distinguished this case from *AC Ocean Walk* by noting that no New Jersey court has decided whether Ingress/Egress or Attraction coverage is applicable to business losses from COVID-19, as it may be here. ECF No. 36 at 18-19. Still, the "central issue" governing the scope of the Policy's coverage is interpreting the phrase "physical loss or damage." *See id*. at 5; *see also Onyx Enters. Int'l Corp. v. Volkswagen Grp. of Am., Inc.*, No. 20-9976, 2021 WL 1338731, at *5 (D.N.J. Apr. 9, 2021) ("When the issues of another proceeding are 'substantially similar' to those before the court, judicial efficiency weighs in favor of granting a motion to stay."). Even if a decision of the New Jersey Supreme Court does not resolve all the issues here, a decision will likely be relevant to the core of this action and will clarify and expedite this Court's analysis.

Also, a stay of proceedings is justified because the issues presented here are not perfectly straightforward or settled. Although Defendants argue that COVID-19 business interruption insurance cases turn on simple, established principles of state contract law, these cases apply those principles to a novel factual situation: a global pandemic which caused unprecedented disruption

to society and business activity. The complexity of these cases is evident in the inconsistent decisions of New Jersey trial courts. *Compare AC Ocean Walk, LLC v. Am. Guarantee & Liab. Ins. Co.*, No. ATL-L-0703-21, 2021 WL 6091224, at *5 (N.J. Super. L. Div. Dec. 22, 2021) (denying insurers' motion to dismiss because "physical loss" may not require "physical alteration of the property"), *with Mattdogg, Inc. v. Philadelphia Indem. Ins. Co.*, No. L-820-20, 2020 WL 7702634 (N.J. Super. L. Div. Nov. 17, 2020) (granting insurers' motions to dismiss). In addition, the fact that the New Jersey Supreme Court decided to grant certification in *AC Ocean Walk* indicates that the legal issues are substantial enough to deserve the Supreme Court's time and attention. Defendants correctly note that most state and federal courts, including the Third Circuit, have sided with insurers, *see* Defs.' Under. Opp., ECF No. 61 at 11-12; Defs.' Supp. Auth., ECF No. 63 at 2, but a decision of the New Jersey Supreme Court is ultimately controlling where, as here, subject matter jurisdiction is based on diversity of citizenship. Also, courts in at least nine other states have concluded that COVID-19 losses qualify or potentially could qualify as physical loss or damage.[5] Therefore, it is conceivable that the New Jersey Supreme Court may align with the minority of courts; accordingly, it is judicious to stay proceedings until the New Jersey Supreme Court's ruling in *AC Ocean Walk*.

Further, providing the New Jersey Supreme Court with the first opportunity to define state law on COVID-19 insurance issues is in the interest of cooperative judicial federalism. "In adjudicating a case under state law, we are not free to impose our own view of what state law should be . . . . In the absence of guidance from the state's highest court, we are to consider decisions of the state's intermediate appellate courts for assistance in predicting how the state's

---

[5] According to the *Covid Coverage Litigation Tracker*, UNIV. OF PA. CAREY L. SCH., https://cclt.law.upenn.edu/ (last visited Mar. 13, 2023), the nine other states are Washington, California, Oklahoma, Iowa, Louisiana, Michigan, Pennsylvania, North Carolina, and Vermont.

highest court would rule." *Gares v. Willingboro Twp.*, 90 F.3d 720, 725 (3d Cir. 1996). However, "[p]redicting the substance of state law in the absence of a controlling opinion from that state's highest court is an uncomfortable consequence of our diversity jurisdiction. Such speculation intrudes on the lawmaking function of that state court, and creates a fundamental incompatibility . . . with the most basic principles of federalism." *Pac. Emps. Ins. Co. v. Glob. Reinsurance Corp. of Am.*, 693 F.3d 417, 436 (3d Cir. 2012) (internal quotations omitted). In particular, "important state issues" and issues that are "likely to recur" are most suitable for resolution by a state's highest court. *United States v. Defreitas*, 29 F.4th 135, 142 (3d Cir. 2022); *see also Melville v. Am. Home Assur. Co.*, 584 F.2d 1306, 1313-14 (3d Cir. 1978) ("[A] state has a significant interest in prescribing the standards that will govern the insurance contracts purchased by its residents to ensure that the insured and their beneficiaries will be accorded the coverage deemed adequate by the state.").

Here, because the New Jersey Supreme Court has yet to render a decision on insurance coverage issues resulting from the COVID-19 pandemic, the Court would be placed in the "uncomfortable" position of predicting how the New Jersey Supreme Court would rule. Temporarily staying proceedings is most compatible with our system of cooperative judicial federalism and deference to states to make their own law, especially now, when a controlling decision of the New Jersey Supreme Court is imminent. A stay is also particularly appropriate in this case because it involves the significant state issue of defining the scope of insurance contracts. *See Sec. & Exch. Comm'n v. Nat'l Sec., Inc.*, 393 U.S. 453, 463 (1969) (stating that protecting insurance policyholders is a "paramount state interest"). COVID-19 business interruption insurance cases are also economically significant, potentially placing hundreds of millions of

dollars in controversy.⁶  In addition, these types of cases are numerous, and the core issues are highly likely to occur.  To date, there have been over 150 trial-court rulings in COVID-19 business interruption cases in New Jersey state courts and the District of New Jersey.⁷  Therefore, federalism concerns further support staying this matter.

The Court acknowledges the arguments made by the Underwriters Defendants that a decision of the New Jersey Supreme Court would be irrelevant because a choice of law provision in the Policy requires the application of Texas law.  That issue, however, has been briefed in the Defendants' respective motions to dismiss.  As such, the resolution of that issue will be determined by District Judge Williams.

In summary, assuming, without deciding, that New Jersey law governs this action, a stay of proceedings could simplify the issues in this case.  The New Jersey Supreme Court has granted certification in *AC Ocean Walk* and will likely issue a decision that provides a single, definitive interpretation of the operative phrase "physical loss or damage" in the novel factual context of COVID-19 business interruptions.  A stay could promote judicial efficiency by preventing wasted effort if the New Jersey Supreme Court later overrules *AC Ocean Walk*.  Also, a stay is consistent with federalism principles because it could allow the Court to avoid making a potentially inaccurate prediction of how the New Jersey Supreme Court will rule.  Therefore, this first factor favors granting Plaintiff's Motion to Stay.

---

⁶ Plaintiff alleges that the Policy affords up to $350 million in total insurance coverage, and Plaintiff has individually suffered losses of $11,010,000 due to COVID-19 business interruption.  ECF No. 1, ¶¶ 19-20; Compl., ECF No. 1-1, ¶¶ 38, Ex. C.

⁷ *Covid Coverage Litigation Tracker*, Univ. of Pa. Carey L. Sch., https://cclt.law.upenn.edu/ (last visited Mar. 13, 2023).

## II. Defendants Have Not Shown that a Stay Would Prejudice Them or Present a Clear Tactical Disadvantage

For the second factor, Plaintiff argues that a stay would not prejudice Defendants because "[t]here are no exigencies calling for an immediate resolution by this Court at the expense of waiting for the conclusion of the state proceedings." Pl.'s Br., ECF No. 58-1 at 5. Defendants argue that they "would be unduly prejudiced by a stay which would further delay its motion to dismiss that has been fully briefed by the parties and is ripe for adjudication." Underwriters Defs.' Opp., ECF No. 61 at 1.

"Delay inherently results from the issuance of a stay, but 'mere' delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage." *Akishev*, 23 F. Supp. 3d at 447; *see also Nussbaum v. Diversified Consultants, Inc.*, No. 15-600, 2015 WL 5707147, at *2 (D.N.J. Sept. 28, 2015) (explaining that "suffering delayed judicial resolution" is not sufficient undue prejudice to deny a motion to stay). Instead, courts examine whether the nonmoving party has demonstrated "'a particularly unique injury, such as the dissipation of assets or an attempt to gain an unfair advantage from the stay.'" *Walker v. Cnty. of Gloucester*, No. 15-7073, 2016 WL 1725942, at *2 (D.N.J. Apr. 28, 2016) (quoting *Barker v. Kane*, 149 F. Supp. 3d 521, 529 (M.D. Pa. 2016)). When a nonmoving party cannot present a "substantial or time-sensitive interest that warrants immediate resolution," this factor weighs in favor of a stay. *Walker*, 2016 WL 1725942, at *2.

Here, Defendants have not described any clear prejudice or tactical disadvantage that they would suffer from a stay of proceedings. A stay would delay a ruling on the Defendants' fully briefed motions to dismiss, but this delay alone does not unduly prejudice the Defendants. The New Jersey Supreme Court has now granted certification to review *AC Ocean Walk*, so the parties have more certainty about the length of the stay. Also, the delay is justified by the benefit of a

12

clear declaration of state law in COVID-19 business interruption insurance cases, which could expedite the Court's analysis in later parts of this action. In addition, Defendants have not explained how a stay would burden them with a clear tactical disadvantage. In fact, a stay could potentially benefit Defendants. A New Jersey Supreme Court decision affirming *AC Ocean Walk* could possibly strengthen Defendants' arguments on the legal merits of this case. Moreover, this is not a case where an injured nonmoving party can only be made whole by an expeditious judgment; instead, the opposite is true: a push for a more rapid resolution creates the potential for unfairness and inefficiency. Lastly, although Defendants may incur some incidental expenses from a deferred resolution of this case, Defendants have not stated what these expenses could amount to, or whether the expenses would create a strategic disadvantage. In conclusion, this factor also weighs in favor of granting Plaintiff's Motion to Stay.

### III. Denial of a Stay Could Create a Clear Case of Hardship and Inequity for Plaintiff

The third factor requires the Court to consider the hardship and inequity that Plaintiff may suffer if its Motion to Stay is denied. Plaintiff argues that it could be severely prejudiced if the Court makes a prediction of New Jersey law inconsistent with a later ruling from the New Jersey Supreme Court. Pl.'s Br., ECF No. 58-1 at 5; Pl.'s Reply, ECF No. 62 at 3. In response, Defendants argue that a denial of a stay would not create a hardship for Plaintiff because "not all of the issues in this case will be decided by the New Jersey Supreme Court, even if certification is granted and New Jersey law applies here." Underwriters Defs.' Opp., ECF No. 61 at 9.[8]

---

[8] On this third factor, the Underwriters Defendants again argue that a decision of the New Jersey Supreme Court would not affect Plaintiff because the Court must interpret the policy according to Texas law. Underwriters Defs.' Opp., ECF No. 61 at 9. However, as previously stated, the District Judge will decide the choice of law issue.

The cost to a party by litigating "in an uncertain legal landscape" awaiting a controlling decision from another court is a hardship that supports a stay of proceedings. *Yoo v. Dynamic Recovery Sols., LLC*, No. 19-21601, 2020 WL 12654351, at *2 (D.N.J. Feb. 26, 2020); *see also Iowa Network Servs., Inc. v. AT&T Corp.*, No. 14-3439, 2019 WL 4861438, at *7 (D.N.J. Oct. 2, 2019). The incidental burden and cost of proceeding in litigation, without more, is insufficient to create clear hardship or inequity. *Akishev*, 23 F. Supp. 3d at 448. "But when the hardship of litigation expense and time is for a case that may be unnecessary after the findings of the other proceeding, those litigation expenses establish the requisite hardship." *Onyx Enters. Int'l Corp.*, 2021 WL 1338731, at *4. This hardship is amplified in putative class action cases, which "adds a layer of complexity to the litigation." *Burress v. Freedom Mortg. Corp.*, No. 20-15242, 2021 WL 2661254, at *4 (D.N.J. May 26, 2021).

Here, the difficulty to Plaintiff of continuing to litigate this case in an uncertain legal landscape, where the New Jersey Supreme Court may imminently alter state law on dispositive issues, supports granting the Motion to Stay. As previously stated, the New Jersey Supreme Court's ruling may not address all the issues in this case, but it is highly likely that a decision would analyze the central question of whether the interruption of business activity caused by the COVID-19 pandemic qualifies as "physical loss or damage." Also, if the New Jersey Supreme Court overrules *AC Ocean Walk* before the conclusion of this case, the time and expense invested by Plaintiff to argue current legal precedent could be wasted without a stay. Since this case is a putative class action that presents additional complexity, the risk of unnecessary litigation expense is heightened. Lastly, Plaintiff and the putative class could potentially suffer the ultimate hardship of having their claims dismissed based on an incorrect prediction of New Jersey law. Therefore, while it is not certain that Plaintiff will suffer hardship or inequity without a stay, this third factor leans toward granting Plaintiff's Motion.

### IV. Discovery Has Not Begun and a Trial Date Has Not Been Set

With respect to the final *Akishev* factor, the Court evaluates a motion to stay in accordance with the scope of presently completed discovery and the scheduling of a trial date. *Akishev*, 23 F. Supp. 3d at 448. When "discovery is in its infancy and the parties have not responded to initial discovery requests," and when no trial date has been set, this factor weighs in favor of staying proceedings. *Lord v. Accenture LLP*, No. 21-8646, 2021 WL 7904042, at *3 (D.N.J. Dec. 17, 2021). The action here is at a similarly early phase. The Defendants' respective motions to dismiss are pending; discovery has not yet begun; and a trial date has not been set. Notably, neither set of Defendants present any arguments on this factor. *See* Underwriters Defs.' Opp., ECF No. 61 at 12; *see generally* Insurer Defs.' Opp., ECF No. 60. Therefore, the fourth factor supports granting Plaintiff's Motion to Stay.

### CONCLUSION

All four *Akishev* factors weigh in favor of staying this matter. A stay of proceedings could simplify the issues of the case and further the values of judicial efficiency and cooperative federalism. Defendants have not shown that granting Plaintiff's Motion would subject them to undue prejudice or an unfair tactical disadvantage, but a denial of a stay could cause hardship and inequity for Plaintiff. Also, this action is at an early stage, discovery has not yet begun, and the Court has not set a trial date. Therefore, for the foregoing reasons, Plaintiff's Motion to Stay is **GRANTED**. An appropriate Order accompanies this opinion.

s/ Elizabeth A. Pascal  
ELIZABETH A. PASCAL  
United States Magistrate Judge

cc:  Hon. Karen M. Williams, U.S.D.J.